**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TROY DEVON FENNELL,

Defendant-Appellant.

No. 02-3434
(District of Kansas)
(D.C. No. 00-CR-40010-JAR)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. INTRODUCTION

Pursuant to a plea agreement, Appellant Troy Devon Fennell pleaded guilty to conspiracy to possess with the intent to distribute in excess of 100 grams of phencyclidine, also known as PCP. At sentencing, the district court attributed 45.4 grams of actual PCP or 785.2 grams of PCP mixture to Fennell when calculating his base offense level. The district court also refused to grant a downward adjustment for acceptance of responsibility and imposed an upward adjustment for obstruction of justice because Fennell originally failed to appear at sentencing. Finally, the district court increased Fennell's offense level for participating in the offense as a supervisor or manager.

Fennell appeals his sentence, contending that the district court erred in calculating the amount of PCP for his offense level, failing to grant Fennell an acceptance of responsibility decrease, and assessing an increase for being a supervisor or manager. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**. The district court did not err in calculating Fennell's base offense level because the PCP mixture from both bottles attributed to Fennell was at least 700 grams and less than one kilogram under U.S.S.G. § 2D1.1(c)(5). Additionally, the district court did not err in refusing to grant a decrease for acceptance of responsibility after assessing an increase for obstruction of justice.

Finally, the district court did not err in adjusting Fennell's sentence for being a supervisor or manager.[1]

## II.  BACKGROUND

In November 1999, an agent for the Drug Enforcement Administration ("DEA") searched Greyhound bus passenger Joewan Bevel, who informed the agent that he was traveling from Los Angeles, California to Kansas City, Missouri.  The agent discovered a mouthwash bottle containing PCP concealed in Bevel's waistband.  Upon further testing by the DEA, the bottle was found to contain 392.6 grams of PCP mixture or 22.7 grams of actual PCP.  Bevel identified Fennell as the individual who supplied the drugs for transport to Kansas City.  Bevel further participated in a controlled delivery to the recipient of the PCP, Anthony Murphy, also known as "Smurf."  Bevel notified Fennell that he had scheduled the delivery to Murphy.  Murphy was arrested while attempting to pick up the PCP from Bevel.

During the investigation of the Bevel transport, authorities learned that Lashonda Banks had been arrested at an Oklahoma City bus station the previous day for carrying a mouthwash bottle filled with PCP.  Similar to Bevel, she told law enforcement that she was going to Kansas City from California.  After

_____

[1]This court admonishes defense counsel for violating 10th Cir. R. 28.2(A)(2) by failing to attach to appellant's brief a copy of the district court's sentencing decision from which this appeal was taken.

discovery of the PCP, she informed authorities that Fennell promised to pay her for the transport. Banks also indicated that she was told that, upon arriving in Kansas City, Murphy would make arrangements to meet her at the bus station.

The Oklahoma City Police Department measured the bottle possessed by Banks and discovered that it contained 470 milliliters of PCP. However, a complete analysis was never conducted; thus, the purity level of the sample was never determined.

In February 2000, Fennell was arrested in Los Angeles, California on a federal warrant. He admitted that he had been working with two drug dealers in Kansas City known as "Hawk" and "Smurf." He also acknowledged that he was responsible for finding couriers who would willingly transport the PCP to Kansas City by bus and that he was paid "a couple hundred dollars" for each transaction he brokered. Fennell also admitted that he had made the arrangements for both Bevel and Banks to carry the PCP to Kansas City.

Fennell was indicted on one count of conspiracy to possess with intent to distribute in excess of 100 grams of a mixture or substance containing PCP and one count of possession with intent to distribute in excess of 100 grams of a mixture or substance containing PCP. After cooperating with authorities, Fennell pleaded guilty to conspiracy to possess with intent to distribute in excess of 100 grams of a mixture or substance of PCP pursuant to a plea agreement. The

district court dismissed the possession with intent to distribute count. Fennell, however, failed to appear at his sentencing on April 20, 2001 and could not be located until his arrest on June 25, 2002. At the subsequent sentencing hearing, he claimed that he did not appear at his original sentencing because he was concerned for the safety of his family and did not have the money to travel from California to Kansas.

The district court sentenced Fennell to 151 months' imprisonment. The court attributed to Fennell 45.4 grams of actual PCP or 785.2 grams of PCP mixture. Fennell was given a base offense level of 30 because the offense involved at least 700 grams but less than one kilogram of PCP mixture. *See* U.S.S.G. § 2D1.1(c) n.(B) ("In the case of a mixture or substance containing PCP, . . . use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual), . . . whichever is greater.") Although the court recognized that the purity of the PCP confiscated from Banks had not been tested, it concluded that the untested amount had the same purity level because the mouthwash bottles were transported within one day and involved the same source, quantity, and participants.

The court also increased Fennell's base offense level for his role in the offense under U.S.S.G. § 3B1.1(c) by concluding that Fennell's role was that of a supervisor or manager because he recruited and paid Bevel to transport the drugs,

interacted with and paid Banks as a courier, purchased the bus ticket for Bevel, acted in a supervisory role to Murphy, and was the contact person for arranging the deliveries. In addition, the court declined to apply the acceptance of responsibility decrease as recommended in the plea agreement because Fennell breached the agreement by originally failing to appear for sentencing. Instead, the court increased Fennell's offense level for obstruction of justice under U.S.S.G. § 3C1.1 for absconding bond and failing to appear. The court further noted that it would be inconsistent for the court to apply both the acceptance of responsibility downward adjustment and the obstruction of justice enhancement.

## III. STANDARD OF REVIEW

This court reviews *de novo* the district court's interpretation and application of the Sentencing Guidelines. *United States v. Wiseman*, 172 F.3d 1196, 1217-18 (10th Cir. 1999). The district court's factual findings are reviewed for clear error, with deference given to the district court's determinations of credibility. *Id.*

## IV. DISCUSSION

### A. Drug Quantity

Fennell argues that the district court erred in calculating his drug quantity and that his base offense level should have only been computed using the bottle seized from Bevel. The government carries the burden of proving drug quantity

by a preponderance of the evidence. *United States v. Wacker*, 72 F.3d 1453, 1477 (10th Cir. 1996).

Under the Sentencing Guidelines, the sentencing court calculates the defendant's offense level by using the greater of the entire weight of the PCP mixture or the weight of actual PCP. U.S.S.G. § 2D1.1(c) n.(B). The Guidelines further provide for a base offense level of 30 when an offense involves at least 700 grams but less than one kilogram of PCP mixture. *Id.* § 2D1.1(c)(5). On the other hand, the base offense level is 28 when the actual PCP amount is at least forty but less than seventy grams. *Id.* § 2D1.1(c)(6). Accordingly, pursuant to U.S.S.G. § 2D1.1(c) n.(B), the district court was obligated to utilize the weight of the mixture in calculating Fennell's offense level.

Fennell argues that the district court erred in assigning the same purity level of PCP from the bottle seized from Bevel to the bottle seized from Banks because the purity level of the PCP in the Banks bottle was never tested. After review of the record, this court concludes that the purity level of the Banks bottle is irrelevant because the district court calculated Fennell's base offense level by using the greater weight of the PCP mixture contained in the bottles seized from Bevel and Banks. Fennell neither contests that the bottle seized from Banks contained PCP nor that the weight of the bottle was identical to the bottle seized

from Bevel. Thus, the district court did not clearly err in making its drug quantity calculation.

## B. Acceptance of Responsibility

Fennell contends that the district court erred in not granting a decrease for acceptance of responsibility. The district court's determination of whether the defendant has accepted responsibility is entitled to great deference and "should not be disturbed unless it is without foundation." *United States v. Amos*, 984 F.2d 1067, 1071-72 (10th Cir. 1993).

The Sentencing Guidelines permit a two-level decrease in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). If the defendant enters a timely plea of guilty, an additional decrease of one level is allowed. *Id.* § 3E1.1(b). However, conduct which results in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *Id.* § 3E1.1, cmt. n.4. Only under extraordinary circumstances may the district court apply both an obstruction of justice increase and an acceptance of responsibility decrease. *Id.*

Fennell asserts that because he freely admitted his guilt and saved the court and the government time and resources otherwise necessary for trial, his extraordinary personal circumstances of protecting his family and not having the

money to travel qualified him for the acceptance of responsibility adjustment. Although entering a plea of guilty prior to commencement of trial and an admission of the conduct is evidence of acceptance of responsibility, it may be "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *United States v. Hawley*, 93 F.3d 682, 689 (10th Cir. 1996) (quotation omitted). Moreover, a defendant's failure to appear at sentencing tends to interfere with the disposition of the case and impedes or delays the administration of justice. *United States v. St. Julian*, 922 F.2d 563, 571 (10th Cir. 1990).

In this instance, the district court concluded that it would be inconsistent to apply both the acceptance of responsibility and the obstruction of justice adjustments. The court determined that because Fennell elected not to show at sentencing and to spend eighteen months "on the run," he was disqualified from an acceptance of responsibility reduction. Fennell's actions subsequent to his guilty plea did not clearly demonstrate an acceptance of responsibility and his circumstances were not so extraordinary as to prevent him from contacting the court for eighteen months. Hence, the district court did not err in refusing to grant the adjustment.

## C. Role in the Offense

Fennell argues that the district court erred in imposing a two-level increase for his role as a supervisor or manager in the offense. The government has the burden to prove by a preponderance of the evidence the necessary facts for the adjustment to apply. *United States v. Anderson*, 189 F.3d 1201, 1211 (10th Cir. 1999).

Section 3B1.1(c) of the Sentencing Guidelines provides a two-level increase "if the defendant was an organizer, leader, manager, or supervisor in any criminal activity." In assessing whether the defendant played such a role, the court considers

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n. 4.

Fennell contends that even though he arranged for the transport of PCP, he was at most a middleman and not an organizer, leader, manager, or supervisor. The district court determined that Fennell could be characterized as a supervisor or manager because he recruited and paid Bevel, interacted with and paid Banks, arranged for the travel and transport of the drugs, had a supervisory role over Murphy, and was a central contact person for the transactions.

Specifically, Fennell relies on *Anderson* in which this court remanded for resentencing because there was insufficient evidence of the defendant's involvement in the conspiracy to support the application of the enhancement. 189 F.3d at 1212. In *Anderson*, this court determined that distributing drugs as a middleman and cooking cocaine was not adequate evidence to show that the defendant was an organizer, leader, manager, or supervisor. *Id.* at 1211-12 & n.6. *Anderson*, however, is distinguishable because Anderson was merely a supplier of drugs and there was no evidence that he recruited others or controlled their activity. Here, Fennell concedes that he recruited Bevel and made arrangements to transport the drugs, as well as acted as a contact between the couriers and the drug recipient. Thus, the evidence supported the district court's findings. Given the involvement of Fennell in the conspiracy, the district court's enhancement under § 3B1.1(c) was not erroneous.

V. **CONCLUSION**

Based upon the foregoing reasons, Fennell's sentence is **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-11-