**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TROY DEVON FENNELL,

Defendant – Appellant.

No. 06-3206
(D.C. No. 00-CR-40010-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Troy Fennell appeals the district court's grant in part and denial in part of

his 28 U.S.C. § 2255 habeas petition.[1]  Fennell's claims are best described as a

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff.
Jan. 1, 2007).

[1] Neither party addresses the district court's order of July 27, 2006,
declaring Fennell's § 2255 petition moot and vacated in light of the court's
decision to impose a new sentence.  We hold the order vacating Fennell's petition
to be in error, because the district court "does not have inherent authority to
modify a previously imposed sentence; it may do so only pursuant to statutory
authorization."  United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).
There are three limited circumstances in which a term of imprisonment may be
modified outside of direct appeal or collateral attack:  (1) upon motion of the

(continued...)

repackaging of the same challenges to his sentence he raised on direct appeal.

We considered those claims in United States v. Fennell, 76 Fed. Appx. 911 (10th

Cir. 2003) (unpublished opinion), in which we related the factual background of

Fennell's conviction for conspiracy with intent to distribute one hundred grams or

more of phencyclidine (PCP). In his petition, Fennell alleges the following errors

---

[1](...continued)
Bureau of Prisons; (2) to the extent otherwise expressly permitted by statute or by
Rule 35 of the Federal Rules of Criminal Procedure; or (3) upon motion when the
applicable sentencing range has subsequently been lowered by the Sentencing
Commission. See United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir.
1996) (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), & (c)(2)). This case
involves none of those circumstances. At the resentencing hearing, the district
court explained its grounds for imposing a new sentence as follows:

> Let me just state for the record that this case is not before me on
> remand; it's before me on a stipulated 2255. I was confused,
> thinking that it had to have been remanded if I was considering it on
> a Booker error; but I realize now that it didn't get remanded. I'm
> considering it on a Booker error because the parties have asked me to
> consider it in that way rather than on a pure ineffective assistance of
> counsel. So that's what brings us here today.

Neither the agreement of the parties nor the Supreme Court's decision in United
States v. Booker, 543 U.S. 220 (2005), provides a district court with jurisdiction
to modify a previously imposed sentence. Thus we construe the district court's
resentencing order of May 30, 2006 as an order granting Fennell's § 2255 petition
in part and denying it in part. To the extent the district court granted partial relief
under Booker, that too was error. We have previously held that "Booker does not
apply retroactively to initial habeas petitions" when the challenged sentence was
final before Booker issued. See United States v. Bellamy, 411 F.3d 1182, 1186
(10th Cir. 2005). Nevertheless, the district court found at the evidentiary hearing
"that that ground for Section 2255 is warranted," referring to ineffective
assistance of counsel with regard to the miscalculation of Fennell's criminal
history score. We uphold the district's court grant of partial relief based on that
ineffective assistance of counsel claim.

at sentencing: (1) the calculation of drug quantity pursuant to U.S.S.G. § 2D1.1; (2) the inclusion of certain prior convictions in calculating his criminal history score; (3) the disparity between his sentence and the sentences of two related defendants; and (4) the applicability of certain enhancements, including enhancements for obstruction of justice and his role as a leader of a criminal enterprise. Fennell challenges these sentencing determinations under Booker, but as stated in note one, supra, Booker does not apply retroactively and hence does not provide a ground for relief on collateral attack.

The district court granted Fennell an evidentiary hearing on one issue: whether Fennell's counsel was ineffective in failing to challenge the calculation of his criminal history score. The government conceded that Fennell's criminal history score was improperly calculated, but objected to any reduction in Fennell's original sentence of 151 months' imprisonment.[2] Finding that a reduction to 135 months was appropriate in light of the stipulated error, the district court resentenced Fennell accordingly. It refused, however, to reconsider Fennell's other sentencing claims. Fennell now appeals the district court's denial of his petition as to the remaining issues.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") conditions Fennell's right to appeal under § 2255 on our grant of a certificate of

---

[2] Fennell should have been assigned a criminal history category of III, as opposed to IV.

appealability ("COA").  28 U.S.C. § 2253(c)(2).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id.  Such a showing requires Fennell to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Fennell's brief is not styled as a request for a COA, nor does it clearly argue ineffective assistance of counsel or the denial of any other constitutional right.  Were Fennell proceeding on appeal pro se, we would construe his pleadings liberally and might presume that his sentencing claims implied ineffective assistance of counsel at sentencing.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, Fennell is represented by counsel in this appeal, thus we will not so construe his petition.  See Blackwell, 81 F.3d at 947 n.1.

To the extent that Fennell's petition represents an attempt to relitigate the merits of the district court's determination at sentencing, we are precluded on collateral attack from considering issues disposed of on direct appeal.  See United States v. Pritchard, 875 F.2d 789, 791 (10th Cir. 1989).

For the reasons stated above, the district court's grant in part and denial in

part of Fennell's petition is **AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge