FILED
United States Court of Appeals
Tenth Circuit

September 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT THORNTON,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director,

      Respondent - Appellee.

No. 13-6021
(D.C. No. 5:12-CV-00221-M)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

Applicant Scott Thornton, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the denial by the United States District Court

for the Western District of Oklahoma of his application for relief under 28 U.S.C. § 2254.

See 28 U.S.C. § 2253(c)(1) (requiring COA to appeal denial of § 2254 application). We

deny a COA and dismiss the appeal.

## I.    BACKGROUND

Applicant was charged in Oklahoma state court on eight counts:  attempted

robbery with an imitation firearm; kidnapping for the purpose of extortion; assault and

battery with a dangerous weapon; two counts of first-degree burglary; two counts of kidnapping; and attempted unauthorized use of a credit card. He requested leave to proceed as his own counsel, invoking his constitutional right to do so under *Faretta v. California*, 422 U.S. 806, 835–36 (1975). The court granted the request and appointed an attorney to serve in a standby capacity.

Under a plea agreement, Applicant pleaded guilty to all eight counts and was sentenced to concurrent 30-year terms on each count. After unsuccessfully moving to withdraw his plea, he challenged his convictions on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), this time represented by counsel. The OCCA summarily denied relief. Applicant filed in state court a pro se application for postconviction relief, which the OCCA also denied.

In February 2012 Applicant filed his pro se § 2254 application. The application raises seven claims: (1) that Applicant was denied effective assistance of appellate counsel on direct appeal to the OCCA; (2) that the trial court failed to advise him of the nature and consequences of pleading guilty; (3) that the trial court failed to make an adequate determination of voluntariness before accepting his guilty plea; (4) that he was denied counsel during his guilty-plea proceeding despite the absence of a waiver; (5) that he was denied counsel during his withdrawal-of-plea proceeding despite the absence of a waiver; (6) that the state breached the plea agreement by failing to give him credit for time served; and (7) that he was denied a full and fair opportunity to present his claims in state court. Applicant requested appointment of counsel and an evidentiary hearing.

The magistrate judge issued a Report and Recommendation (R&R) recommending denial of Applicant's application and his requests for counsel and an evidentiary hearing. The district court adopted the R&R and denied a COA. Applicant applies to us for a COA on four issues. He also renews his request for an evidentiary hearing.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

3

Because Applicant is pro se, we construe his filings liberally. *See Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010). We understand him to request a COA on four claims: (1) ineffective assistance of appellate counsel; (2) denial of trial counsel without a waiver; (3) involuntariness of his guilty plea because the trial court did not properly advise him of his rights; and (4) involuntariness of the plea because the state breached the plea agreement. The gist of these claims was presented to the OCCA in Applicant's state postconviction proceedings. The OCCA held that all claims except ineffective assistance were waived because they could have been raised on direct appeal but were not. This procedural bar rested on an adequate and independent state-law ground, *see Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). Therefore, we may not consider the merits of the barred claims unless Applicant can show cause for his procedural default and prejudice arising from the alleged violations of federal law. *See Clayton v. Gibson*, 199 F.3d 1162, 1175 (10th Cir. 1999). The only form of cause argued by Applicant is ineffective assistance of appellate counsel. We turn to that issue.[1]

Applicant focuses only on his appellate counsel's omission of certain state- and federal-law issues on direct appeal; he does not press his earlier argument that counsel

---

[1] Applicant argued in district court that he could not have asserted the breach of the plea agreement on direct appeal, as he did not discover the alleged breach until after his direct-appeal brief had already been filed. But he has not argued that point in this court, perhaps because the alleged breach "could have been discovered with due diligence" before the state-court brief was filed. *Slaughter v. State*, 969 P.2d 990, 993 (Okla. Crim. App. 1998). Indeed, Applicant argued below that "appellate counsel's failure to review [Applicant's] case file" resulted in a failure to raise the issue that he was "the victim of a failed plea agreement." R., Vol. 1 pt. 1 at 12.

should have done more to attack the factual basis of his guilty plea. We do not defer to the OCCA's adjudication of the claim because it applied the incorrect standard for reviewing a claim of ineffective appellate counsel. *See McGee v. Higgins*, 568 F.3d 832, 838–39 (10th Cir. 2009). We can easily dispose of the claim, however, because if an issue lacks merit, appellate counsel's omission of it was not deficient performance. *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). We divide the omitted issues into two categories: (A) denial of Applicant's right to trial counsel and (B) invalidity of his guilty plea.

## A.     Right to Counsel

Applicant claims that he did not validly waive the right to counsel at the June 10, 2012, plea proceeding or the June 29 withdrawal-of-plea proceeding. This claim has no merit under either federal or Oklahoma law.

A defendant may waive his right to counsel and represent himself so long as the waiver is competent, knowing, and voluntary. *See Maynard v. Boone*, 468 F.3d 665, 676 (10th Cir. 2006). A waiver is competent if the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation marks omitted). And it is knowing and voluntary if the defendant "actually does understand the significance and consequences" of his decision and "the decision is uncoerced." *Id.* at 677 (internal quotation marks omitted). Oklahoma's standards governing the waiver of the right to counsel substantially mirror the federal standards.

5

*See Johnson v. State*, 556 P.2d 1285, 1296 (Okla. Crim. App. 1976) ("All that is required for an effective election for self-representation is that the defendants have full knowledge or adequate warning concerning this right and a clear intent to exercise it.").

Applying these standards to the record before us, we conclude that a reasonable jurist would not debate the district court's determination that Applicant validly waived his right to counsel. Although Applicant contends that on two occasions in 2009 he withdrew his waiver of counsel, it is clear that he again validly waived his right to counsel in January 2010, and he points to no prejudice from not having counsel in the interim. Applicant further suggests that the court should have obtained a new waiver before taking his plea on June 10 and before hearing his request to withdraw his plea on June 29; but once a defendant has made a valid waiver of the right to counsel, the trial court need not ensure its validity at every later proceeding. *See Panagos v. United States*, 324 F.2d 764, 765–66 (10th Cir. 1963); *Gillespie v. Hunter*, 159 F.2d 410, 411 (10th Cir. 1947). Applicant cites no Oklahoma case to the contrary.

Finally, Applicant complains that he did not have the benefit of standby counsel at the June 29 proceeding. The record, however, indicates otherwise. And even if Applicant were correct, neither the federal Constitution nor Oklahoma law requires that standby counsel be made available for a defendant who has validly waived the right to counsel. *See United States v. Chavis*, 461 F.3d 1201, 1205–06 (10th Cir. 2006); *Bowen v. State*, 606 P.2d 589, 594 (Okla. Crim. App. 1980); *Parker v. State*, 556 P.2d 1298, 1302 (Okla. Crim. App. 1976).

6

Because there is no merit to Applicant's claims that he was denied the right to trial counsel, reasonable jurists could not debate whether Applicant's appellate counsel was deficient for failing to argue the matter

## B.     Validity of Guilty Plea

Applicant claims that his appellate counsel should have argued that his guilty plea was invalid. To satisfy due process, a guilty plea must be both knowing and voluntary. *See Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) ("[T]he longstanding test for determining the validity of a guilty plea . . . is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." (internal quotation marks omitted)).

No reasonable jurist would debate the district court's determination that these requirements were satisfied. Appellate counsel was undoubtedly not ineffective in failing to challenge Applicant's plea on appeal.

Applicant also suggests that his appellate counsel should have argued that his guilty plea was involuntary because the state later breached its promise of credit for time served, apparently one of the terms of the plea agreement. But in reply to the state's response to his § 2254 application, Applicant conceded that he "did not raise breach of plea agreement as a ground for ineffective assistance of appellate counsel in state court." R., Vol. 1 pt. 1 at 348. This theory of ineffectiveness is therefore treated as procedurally defaulted. *See DeRosa v. Workman*, 679 F.3d 1196, 1235 (10th Cir. 2012).

7

Applicant has not shown that his appellate counsel omitted any meritorious issues on direct appeal, so he has not shown that the district court's rejection of his claim of ineffective appellate counsel was debatable or wrong. Accordingly, he cannot show that the district court's denial of his remaining claims on the ground of procedural default was debatable or wrong. Finally, because his claims were "capable of resolution on the record," the district court did not abuse its discretion in denying an evidentiary hearing. *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003).

## III. CONCLUSION

We DENY Applicant's application for a COA and DISMISS the appeal. We GRANT Applicant's motion to proceed *in forma pauperis* (IFP). Judge O'Brien dissents from the grant of IFP status.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge