**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CARL W. PURSLEY, Jr.,

     Defendant - Appellant.

No. 13-1328
(D.C. Nos. 1:11-CV-00063-REB and
1:05-CR-00342-REB-3)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After a jury convicted Carl Pursley of retaliating against a witness and conspiring to the same, all in violation of 18 U.S.C. § 1513(b)(1), this court affirmed the conviction on direct appeal. Mr. Pursley then filed a collateral attack under 28 U.S.C. § 2255, alleging primarily that he was denied effective assistance of counsel in his appeal. The district court disagreed, issued a detailed memorandum and order dismissing Mr. Pursley's request, and denied Mr. Pursley's request for a certificate of appealability (COA).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Now before us, Mr. Pursley renews his request for a COA. To succeed, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And to do that he must show reasonable jurists could debate (or agree on) a different resolution of the habeas petition or the merit of further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Even read with the special solicitude we grant *pro se* filings, we cannot conclude that Mr. Pursley has crossed this threshold.

* * *

Mr. Pursley argues that his appellate counsel was constitutionally deficient for failing to pursue seven separate lines of attack.[1] This is not a case, however, in which appellate counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984). Much to the contrary, appellate counsel vigorously pursued other arguments on Mr. Pursley's behalf. So to succeed on a claim of ineffective assistance, Mr. Pursley must demonstrate two things. First, he must show that his attorney's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, he must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the

---

[1] Before the district court, Mr. Pursley also asserted that his appellate counsel should have argued that (1) his advisory counsel at trial was ineffective and (2) the district judge should have compelled the testimony of three prisoners. On appeal, he does not renew these claims so we do not consider them. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

result of the proceeding would have been different." *Id*. at 694. In none of the seven circumstances Mr. Pursley cites, however, can we discern even deficient performance.

1. Mr. Pursley suggests that his appellate lawyer should have argued that because he (Mr. Pursley) proceeded *pro se* at arraignment, he was denied effective assistance of counsel. The most immediate problem with this argument is that the magistrate judge repeatedly offered Mr. Pursley free counsel. At a preliminary hearing, the magistrate judge advised Mr. Pursley, "You have the right to be represented by a lawyer, you may hire a lawyer if you want to. If you can't afford a lawyer and if you ask me to, I'll appoint a lawyer to represent you free of charge." Afterward, Mr. Pursley acknowledged that he understood that he had the right to counsel. Despite this, Mr. Pursley decided to represent himself: "[R]ight now I want to proceed *pro se*. I don't want you forcing [court-appointed] counsel upon me." The magistrate judge again asked, "Mr. Pursley, you also understand that you have the right to have a lawyer appointed to represent you free of charge?" Again, Mr. Pursley advised that he understood. Undeterred, the magistrate judge advised Mr. Pursley, "[Y]ou'll be substantially disadvantaged if you don't take advantage of that right. You understand that?" Yet again, Mr. Pursley advised that he understood. A week later at his arraignment hearing, the magistrate judge advised Mr. Pursley, "At the trial, you'll have the right to be represented by a lawyer. You have that right now. I

previously asked you if you wanted a lawyer appointed and you said, No. Have you reconsidered? Would you like me to consider appointing a lawyer to represent you without charge?" Mr. Pursley advised the magistrate that he did not.

On appeal, Mr. Pursley offers no argument and cites no authority suggesting why these various warnings weren't enough to discharge the court's responsibility to ensure that his waiver of counsel at arraignment was knowing, intelligent, and voluntary. *See Maynard v. Boone*, 468 F.3d 665, 676 (10th Cir. 2006). Neither, given their volume and substance, can we conclude that Mr. Pursley's appellate counsel was ineffective for failing to argue otherwise in his direct appeal. *Thornton v. Jones*, No. 13-6021, 2013 WL 4840498, at *3 (10th Cir. Sept. 12, 2013) (unpublished) ("Because there is no merit to Applicant's claims that he was denied the right to trial counsel, reasonable jurists could not debate whether Applicant's appellate counsel was deficient for failing to argue the matter.").

2. Mr. Pursley argues that his waiver of counsel at trial (as opposed to at arraignment) was not voluntary. But here again the district court advised Mr. Pursley against representing himself. The district judge also conducted a lengthy hearing to make sure that Mr. Pursley knew what he was doing in deciding to represent himself. For his part, Mr. Pursley preferred to skip the proceeding: "Excuse me, your Honor. Is it possible we can waive this advisement? We have

been through this before not too long ago." But the district judge insisted. Given this record, once again we cannot say that appellate counsel was deficient for failing to argue that Mr. Pursley knowingly, intelligently, and voluntarily waived his right to trial counsel. *Thornton*, 2013 WL 4840498, at \*3.

3. Mr. Pursley next contends that his lawyer on appeal should have argued that the district court's denial of his request for a continuance constituted error. But Mr. Pursley's appellate counsel specifically pursued that line of argument and this court rejected it on the merits. *United States v. Pursley*, 577 F.3d 1204, 1227-29 (10th Cir. 2009). Absent an intervening change in law, Mr. Pursley is not free to raise issues in this collateral proceeding that were addressed in his direct appeal. *See United States v. Fennell*, 207 F. App'x 916, 919 (10th Cir. 2006) ("[W]e are precluded on collateral attack from considering issues disposed of on direct appeal."); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

To the extent Mr. Pursley now faults his appellate counsel for failing to argue that the denial of a continuance constituted not just error but *structural* error, we see no deficient performance. Structural errors are rare indeed. *See United States v. Pearson*, 203 F.3d 1243, 1260 (10th Cir. 2000). They must affect "the entire conduct of the trial from beginning to end and deprive the defendant of basic protections, without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Id.* (internal quotation

marks omitted). Mr. Pursley points to no authority suggesting that a denial of the continuance in his case might be considered structural error — and so no basis on which we might cite appellate counsel for deficient performance.

4. Mr. Pursley suggests that his appellate counsel should have argued that the district court erred by forcing him to wear a stun belt hidden under his clothing, concealed from the jury. But when Mr. Pursley's co-defendant attempted this argument before this court, he lost. This court held that the district court had articulated specific reasons for the restraint — chief among them, a tangible risk to witness safety — and held that the district court had taken steps to limit any prejudice by ensuring the restraint was concealed. *United States v. Wardell*, 591 F.3d 1279, 1294-96 (10th Cir. 2009). Even if Mr. Pursley's and Mr. Wardell's situations are not completely flush, we cannot say that Mr. Pursley's appellate counsel was ineffective by failing to raise a claim so similar to one this court has expressly rejected.

5. Mr. Pursley argues that his lawyer on appeal should have argued that the district court committed plain error by allowing the jury to consider evidence of his prior bad acts. But, though he did not request one, the district court provided limiting instructions regarding the permissible use of this evidence. Given these facts, Mr. Pursley's appellate counsel had good reason for not raising this argument. *United States v. Oles*, 994 F.2d 1519, 1524 (10th Cir. 1993) ("The general rule is that the effect of improper evidence may be remedied by

admonishing the jury to disregard it and by withdrawing it from evidence." (internal quotation marks omitted)).

6. Mr. Pursley says his appellate counsel should have argued that the district judge should have recused himself because, among other things, the judge was a witness whom Mr. Pursley wished to call at trial. But the district judge found that Mr. Pursley had presented no evidence suggesting that the court had any relevant testimony to offer. We agree. On direct appeal, Mr. Wardell also argued — admittedly for other reasons — that the district judge should have recused. This court held that argument "patently frivolous." *Wardell*, 591 F.3d at 1306 n.16. It was well within appellate counsel's discretion to reach a similar conclusion with respect to Mr. Pursley and so decline to present the argument.

7. Mr. Pursley argues that his appellate counsel should have argued that his (Mr. Pursley's) Sixth Amendment Confrontation Clause rights were violated when the district court did not permit him to examine a witness (Jessie Cluff) a second time. Mr. Pursley's appellate counsel did raise this issue on direct appeal, however, and this court rejected it. *Pursley*, 577 F.3d at 1225. Mr. Pursley may not pursue this line of argument again on collateral review. *See Fennell*, 207 F. App'x at 919; *Prichard*, 875 F.2d at 791.

\* \* \*

Besides his various attacks on appellate counsel's performance, Mr. Pursley argues that the district court erroneously denied his requests for a trial transcript

- 7 -

in connection with his habeas motion, to conduct discovery in aid of his habeas motion, and to amend his habeas motion. With respect to his request for a free trial transcript, however, Mr. Pursley must show (at least) that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). And this he cannot do. Mr. Pursley says he needs access to the transcript to show that he, in fact, sought to recall Mr. Cluff — and, thus, that appellate counsel was deficient for failing to pursue his Confrontation Clause claim. In this way, he says, the transcript is essential to the success of his collateral attack on his conviction. But none of this is legally salient. As we have explained, the Sixth Amendment issue was raised and resolved on direct appeal and simply cannot be revisited in a collateral proceeding. *See Fennell*, 207 F. App'x at 919; *Prichard*, 875 F.2d at 791. As to the discovery and amendment requests, the district court found that even if Mr. Pursley had been allowed additional discovery and an amended petition, he would not be entitled to relief. We agree.

\* \* \*

The application for a COA is denied and the appeal is dismissed.  Mr. Pursley's motion to proceed *in forma pauperis* is denied.  Mr. Pursley is reminded that he must pay the filing and docket fees in full to the clerk of the district court.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge