**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 11-2140 |
| | (D.C. No. 2:10-CR-02316-WJ-1) |
| JOSE CAIBA-ANTELE, | (D. N. M.) |
| Defendant - Appellant. | |

_____

**ORDER**
_____

Before **KELLY**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.
_____

This matter is before the court to direct the clerk to issue for publication, *sua sponte*, the Order & Judgment issued in this matter originally on December 7, 2012. The decision will be published and reissued *nunc pro tunc* to the original filing date. A copy of the re-issued opinion is attached to this order. The Clerk is directed to file it forthwith.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JOSE CAIBA-ANTELE,

        Defendant-Appellant.

No. 11-2140

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:10-CR-02316-WJ-1)**

---

Mary Stillinger of El Paso, Texas, for Defendant-Appellant.

Marisa A. Lizarraga, Special Assistant U.S. Attorney (Kenneth J. Gonzales, United States Attorney, with her on the brief), Las Cruces, New Mexico, for Plaintiff-Appellee.

---

Before **KELLY**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Jose Caiba-Antele pled guilty to reentry of a removed alien, in violation of 8 U.S.C. § 1326. He appeals the district court's imposition of a variant sentence of fifty-one months. We AFFIRM.

## I.

On April 18, 2010, Mr. Caiba-Antele was arrested by United States Border Patrol agents in an area east of the Santa Teresa Port of Entry, in Dona Ana County, New Mexico. His name was entered into an automated identification system, which reported that he had previously been ordered removed from the United States to Mexico in 2007 and had been convicted of Reentry of a Removed Alien in 2009. He was charged with illegal reentry under 8 U.S.C. § 1326. Mr. Caiba-Antele entered into a Rule 11(c)(1)(C) plea agreement.

At the initial sentencing hearing, the district court expressed concern that the plea agreement did not reflect charges brought against Mr. Caiba-Antele by the State of New Mexico in 2007 for five counts of criminal sexual penetration of a child under thirteen and one count of criminal sexual penetration of an adult by force or coercion. Mr. Caiba-Antele was not convicted of these charges; instead, a nolle prosequi order was filed in August 2009 and the case was dropped. The district court rejected defendant's plea agreement and instructed the United States to provide more information about these dropped charges.

Mr. Caiba-Antele thereafter pled guilty without a plea agreement. A revised presentence report (PSR) detailed the facts underlying the state charges brought against Mr. Caiba-Antele in 2007. On July 11, 2007, Las Cruces police officers arrived at Mr.

Caiba-Antele's residence after a disturbance was reported. Mr. Caiba-Antele informed the officers that he had been in an argument and a scuffle with his brother and other family members after his fifteen-year-old niece accused him of sexually molesting and raping her over the course of several years. Later that day, at Mountain View Hospital, officers interviewed Mr. Caiba-Antele's niece, as well as the two children of Mr. Caiba-Antele's girlfriend, a twelve-year-old male and a female between the ages of twelve and fifteen. All three children independently accused Mr. Caiba-Antele of sexually abusing them multiple times over the course of several years. The children, as well as their parents, were taken to the Las Cruces Police Department for further interviews. During the interviews, the children each described in detail how Mr. Caiba-Antele had raped and sexually molested them numerous times over several years in Phoenix, Arizona and later in Las Cruces, New Mexico. The fifteen-year-old victim told investigators that Mr. Caiba-Antele said he wanted to impregnate her because his girlfriend was unable to have more children.

The PSR indicated that Mr. Caiba-Antele was indicted by a New Mexico grand jury and charged in counts one through five with causing a twelve-year-old child to engage in fellatio and anal intercourse on May 9 and May 20, 2007. The sixth count charged Mr. Caiba-Antele with causing an adult female to engage in sexual intercourse by the use of force, coercion or credible threats of violence on May 11, 2007. According to the nolle prosequi order, as described in the PSR, these charges were eventually dropped due to the psychological harm the victims would suffer if they testified at trial.

Specifically, the PSR stated that the victim's family members did not want the children to testify.

Mr. Caiba-Antele admitted the procedural history of the charges as described in the PSR, but filed a written objection to their veracity. Contending he was innocent of the acts alleged, he asserted the court should not consider those prior charges in sentencing him because he had not been convicted and because, absent direct testimony from the alleged victims, the evidence that he had committed the charged crimes lacked sufficient indicia of reliability.

The district court held an evidentiary hearing at which two detectives and a state prosecutor who had been involved in the 2007 case against Mr. Caiba-Antele testified. Both detectives testified at length about the interviews they had conducted with the children, and the transcripts of those interviews were entered into evidence. Each detective independently testified that he found the children's accusations against Mr. Caiba-Antele credible because of the level of detail contained in the allegations, the consistency of their statements, and the children's demeanor during the interviews. Both detectives had significant past experience working with child victims of abuse and sexual molestation.

The state prosecutor confirmed in her testimony that the charges against Mr. Caiba-Antele were dropped due to the risk of psychological harm to one of the child witnesses, who had recently suffered a mental breakdown and attempted suicide, and because the other child witness wanted to move on with her life and was no longer willing to testify. Mr. Caiba-Antele objected to the detectives' testimony as hearsay too

unreliable to establish his guilt of the charged crimes, particularly without an opportunity to cross-examine his accusers. He did not testify at the hearing.

The district court issued a memorandum opinion overruling Mr. Caiba-Antele's objections to the PSR. The court found the testimony of the detectives, which was based on their first-hand observations of the children and their professional experience with other sexually abused children, to be credible. The court held that Mr. Caiba-Antele had more likely than not committed the acts of sexual abuse and rape he had been accused of, and that the evidence of these acts exhibited sufficient indicia of reliability. The court also calculated that if, hypothetically, Mr. Caiba-Antele had been convicted of the charges he faced in state court, his guidelines sentencing range for reentry of a removed alien would have been forty-six to fifty-seven months, in contrast to the range of eight to fourteen months because the charges were dropped.

At a final sentencing hearing, the district court heard arguments from both parties and correctly noted the applicable offense level, criminal history category, guideline sentencing range of eight to fourteen months, and the statutory maximum sentence of ten years. The court then examined each of the 18 U.S.C. § 3553(a) sentencing factors in light of the facts contained in the PSR, including the need for the sentence imposed to reflect the seriousness of the crime, the importance of deterrence and the necessity of protecting the public from future crimes. In light of these sentencing factors and the earlier finding that Mr. Caiba-Antele had sexually assaulted his niece and his girlfriend's children, the district court determined that an upward variance from the guidelines was appropriate.

The court also noted the unchallenged portions of the PSR established that Mr. Caiba-Antele had used several aliases and multiple social security numbers, which the court interpreted as evidence that he was engaged in some sort of wrongful conduct. The court highlighted that defendant had previously been convicted of one misdemeanor and one felony immigration violation in New Mexico, as well as several traffic violations in both Arizona and New Mexico, all additional evidence of his lack of respect for the law. The court referred to the hypothetical guideline sentencing range of forty-six to fifty-seven months had Mr. Caiba-Antele been convicted of the sex abuse charges, and then sentenced Mr. Caiba-Antele to fifty-one months of imprisonment to be followed by a three-year term of supervised release.

## II.

"We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38 at 51 (2007)). Our review includes both procedural reasonableness, which encompasses the manner in which a sentence was calculated, and substantive reasonableness, which concerns the length of the sentence. *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Haley*, 529 F.3d at 1311 (citing *Gall*, 552 U.S. at 50-51). A sentence is substantively unreasonable if the length "is

unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *Id.*

Mr. Caiba-Antele contends the district court's upwards variance from the sentencing guidelines violated his Sixth Amendment rights because it was significantly higher than the recommended range and was based on facts found by the judge rather than on facts determined by a jury or admitted by the defendant. He concedes, however, that this argument is foreclosed by binding precedent. Aplt. Br. at 12. *See United States v. Redcorn*, 528 F.3d 727, 745 (10th Cir. 2008) (applying *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), to deny similar Sixth Amendment challenge); *see also United States v. Cook*, 550 F.3d 1292, 1295 (10th Cir. 2008) (uncharged conduct need only be proved by a preponderance of the evidence for sentencing purposes). Because "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superceding contrary decision by the Supreme Court," Mr. Caiba-Antele's Sixth Amendment claim must fail. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

Mr. Caiba-Antele also challenges the upward variance under the Due Process Clause, claiming that the sentence was procedurally unreasonable because it was based on evidence that lacked sufficient indicia of reliability. In sentencing, a district court may rely on hearsay evidence as long as the evidence is sufficiently reliable. *See Cook*, 550 F.3d at 1296 & n.4; *see also* U.S.S.G. § 6A1.3(a) (sentencing court may consider any relevant evidence "provided that the information has sufficient indicia of reliability to support its probable accuracy."). Defendant contends the testimony of the detectives and the state prosecutor, in conjunction with the transcripts of the accusers' interviews with

the detectives, lacks reliability. He emphasizes the lack of physical evidence or other corroboration that the sexual abuse occurred, apart from the testimony of the complaining witnesses who were not subject to cross-examination. He also maintains the district court erred by relying on law enforcement agents to determine the credibility of the complaining witnesses.

But the facts in *Cook* are similar to this case. There we upheld a sentencing enhancement based on a district court finding that the defendant had more likely than not committed felony menacing, a charge which had been brought against the defendant in state court but was later withdrawn. *Cook*, 550 F.3d at 1294. The district court based its finding on the following: an affidavit of one of the police officers who interviewed the victims of the alleged menacing; the narrative remarks of another police officer describing the events surrounding the defendant's arrest from a police report, which was based on a phone conversation with one of the complaining witnesses; and an Alcohol, Tobacco and Firearms Report of Investigation, which also related the accusations of the victims. *Id.* at 1295-96. We held in *Cook* that this evidence exhibited the necessary indicia of reliability based on three factors. First, the officers "had the opportunity to observe [the victims'] demeanor and form an opinion regarding their veracity." *Id.* at 1297. Second, the complaining witnesses each corroborated the sequence of events that had transpired. *Id.* And third, at a later date, one of the complaining witnesses retold the same version of events to another police officer over the phone. *Id.*

Our decision in *United States v. Fennell*, 65 F.3d 812 (10th Cir. 1995), is not to the contrary. In determining the proper sentence for Mr. Fennell, who had pled guilty to

possession of an automatic machine gun, the district court found by a preponderance of the evidence that the defendant had fired his machine gun at his girlfriend, an act which qualified him for a four-level enhancement under the sentencing guidelines. *Id.* at 813. The only evidence the district court in *Fennell* considered regarding this alleged assault was the presentence report and testimony from the probation officer who had prepared the report. *Id.* Both the report and the officer's testimony merely recounted statements made to the officer by the defendant's girlfriend during a phone interview. *Id.* We held that this evidence lacked sufficient indicia of reliability because, unlike here, it was uncorroborated and because the preparing officer "did not have an opportunity to observe [the complaining witness'] demeanor during the interview and therefore could not form any opinion as to her veracity." *Id.*

The evidence relied upon by the district court in the instant case manifests sufficient indicia of reliability based on the factors we discussed in *Cook*, and which were missing in *Fennell*. The detectives who testified regarding the sexual assault charges had observed the victims first-hand and were able to form reasoned opinions regarding their veracity. Like *Cook*, and unlike *Fennell*, the testimony of each victim here corroborated the type and instances of abuse the other children said were perpetrated against them by Mr. Caiba-Antele, and none of the victims changed their version of events or recanted after the initial interviews were conducted. This case is thus closer to *Cook* than to *Fennell*.

In sum, we conclude the evidence relied upon by the district court to find that Mr. Caiba-Antele had more likely than not committed the sexual assaults described in the

PSR meets the standard of minimum indicia of reliability. Accordingly, the court did not abuse its discretion in relying on that evidence to determine Mr. Caiba-Antele's sentence.

We AFFIRM.