FILED
United States Court of Appeals
Tenth Circuit

September 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DENNIS M. MULLINS,

    Defendant - Appellant.

No. 18-6014
(D.C. Nos. 5:17-CV-00161-M &
5:13-CR-00264-M-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Dennis M. Mullins, a pro se federal prisoner, seeks a certificate of appealability

(COA) to challenge a district court order that denied his 28 U.S.C. § 2255 motion for

sentencing relief. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny

Mullins' application and dismiss this appeal.

## I. BACKGROUND

In 2014, Mullins pled guilty to transporting and receiving child pornography.

Multiple sentencing enhancements were applied to his base offense level, including:

*     a five-level enhancement for engaging in a pattern of activity involving the
sexual abuse of a minor—here, two of his daughters and stepson, *see*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S. Sentencing Guidelines Manual (USSG) § 2G2.2(b)(5) (U.S. Sentencing Comm'n 2013);

* a four-level enhancement for transporting and receiving material portraying sadistic or masochistic conduct, *see id.* § 2G2.2(b)(4);

* a two-level enhancement for distributing child pornography via a file-sharing program, *see id.* § 2G2.2(b)(3)(F); and

* a two-level enhancement for transporting and receiving material involving a minor under the age of twelve, *see id.* § 2G2.2(b)(2).

Mullins' total offense level was ultimately calculated to be thirty nine, and his criminal history category was set at one. The resulting Guideline sentence range was 262 to 327 months' imprisonment. *See* USSG ch. 5 pt. A. The statutory maximum sentence for each of the two pornography counts was 240 months. *See* 18 U.S.C. § 2252(b)(1). The district court "referenced the calculated Guidelines range in determining an appropriate sentence" and then sentenced Mullins to the statutory maximums, running them concurrently. *United States v. Mullins*, 632 F. App'x 499, 503 (10th Cir. 2015).

Mullins appealed the sentence, challenging the pattern-of-activity enhancement as unconstitutional and unsupported by the evidence. A panel of this court affirmed. *Id.* at 507.

Mullins then filed the instant § 2255 motion, arguing that his counsel was ineffective in handling his guilty plea and sentencing, and that a 2016 Guideline amendment retroactively negates his distribution enhancement. The district court denied the motion without an evidentiary hearing and declined to issue a COA. Mullins now renews his request for a COA on four grounds: (1) the district court's "refus[al] to provide . . . transcripts of relevant hearings"; (2) "ineffective assistance of counsel for

2

failing to interview relevant witnesses"; (3) "ineffective assistance of counsel for failing to challenge the pattern of activity enhancement"; and (4) the district court's refusal to retroactively apply Guideline Amendment 801. COA Request at 3-4 (emphasis omitted).

## II. DISCUSSION
### A. Standards of Review

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To obtain a COA, Mullins must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "The COA inquiry . . . is not coextensive with a merits analysis," *Buck v. Davis*, 137 S. Ct. 759, 773 (2017), and is limited to "an overview of the claims in the habeas petition and a general assessment of their merits," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

### B. Transcripts

Mullins argues that the district court "actively took steps to deprive [him] of [an] impartial and disinterested tribunal" by "refus[ing]" to provide him the sentencing transcripts cited in the government's opposition to his § 2255 motion. COA Request at 5. But the district court did no such thing. Rather, in June 2017, the district court granted Mullins' motion for transcripts and ordered the government to provide them. The district court also extended the time period in which Mullins could file a reply brief, setting the

deadline at thirty days from his receipt of the transcripts. Nevertheless, Mullins filed his reply brief in the district court soon after the district court entered its order—apparently, before he received any transcripts. Six months later, the district court denied his § 2255 motion. In that six-month period, Mullins filed two motions inquiring about the status of his case, but he did not inform the district court that he had not received the transcripts. Given Mullins' silence on the issue, we will not fault the district court for resolving his § 2255 motion despite his purported non-receipt of the transcripts. Moreover, Mullins does not indicate which government argument(s) he was unable to adequately address without the transcripts. In particular, he has surmised no "legally salient" information in the transcripts that might entitle him to relief. *See United States v. Pursley*, 550 F. App'x 575, 579-80 (10th Cir. 2013) (concluding that the district court did not err in denying prisoner's request for transcripts, where there was no showing that the transcripts had any bearing on his entitlement to postconviction relief). Although we liberally construe pro se filings, we will not craft a party's arguments or otherwise serve as an advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

### C. Ineffective Assistance of Counsel

An ineffective-assistance claim has two components. First, the movant "must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The challenged conduct must be evaluated from counsel's perspective at the time of the alleged error, and "every effort should be made to eliminate the distorting effects of hindsight." *Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996)

4

(internal quotation marks omitted).  Second, the movant must also show "that the deficient performance prejudiced the defense."  *Strickland*, 466 U.S. at 687.  In other words, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

## 1.     Failure to Interview Relevant Witnesses

Mullins argues that his counsel was ineffective in not interviewing two of the three victims—stepson Matthew Whitefield and daughter Denise Mullins—as well as his wife (Rhonda Mullins), sister (Judy Bowermaster), and third daughter (Angela Mullins, who was not included in the pattern-of-activity enhancement).  All five of these family members have provided affidavits in support of relief from the pattern-of-activity enhancement.[1]

In assessing counsel's performance, the district court focused on counsel's failure to interview Whitefield, given this court's observation on direct appeal that Whitefield's statements to investigators were sufficient by themselves to support the enhancement.  Specifically, Whitefield told investigators that beginning in the third grade, Mullins showed him pornography, demonstrated masturbation, and masturbated him on more than one occasion.  The district court additionally cited Whitefield's written statement at sentencing, in which he forgave Mullins and did not deny the abuse.  As for Whitefield's

---

[1] In summary, the family members' affidavits provide the following.  Whitefield "retract[s] [his] previous statement," which he claims "was taken using intimidation and coercion."  R., Vol. V at 86.  Denise claims that her prior statements were "taken out of context."  *Id.* at 89.  Rhonda offers various reasons she disbelieves the claims made by Mullins' other daughter, Julie.  Angela states that "[n]othing ever happened to [her] while in [her] father's care," and she believes Julie lacks "sound mind."  *Id.* at 83.  Finally, Mullins' sister states that Mullins' ex-wife admitted Julie is dishonest.

affidavit submitted in support of § 2255 relief, the district court noted that while he retracts his statements, he does not state Mullins did not abuse him. Based on these circumstances, the district court determined that counsel's failure to interview Whitefield was not deficient, given "counsel's perspective at the time of the alleged error." R., Vol. V at 182.

We conclude that the district court's determination is not debatable. The entirety of the circumstances at the time of Mullins' sentencing provided no indication that interviewing Whitefield would have yielded information undermining imposition of the pattern-of-activity enhancement. In addition to the circumstances cited by the district court, we add that at sentencing, Mullins addressed the court and did not deny the abuse allegations; rather, he indicated he could not remember. *See Mullins*, 632 F. App'x at 502. Moreover, Mullins' wife told investigators that her son, Whitefield, had "confronted Mullins about what he had done," and she "implied [that] Mullins had inappropriately touched [Whitefield] when he[ ] was a minor." *Id.* at 501 (internal quotation marks omitted). In short, counsel's failure to predict that Whitefield would ultimately retract his statements to investigators does not render it debatable that counsel's failure to interview Whitefield was deficient. *See Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (stating that "clairvoyance is not a required attribute of effective representation" (internal quotation marks omitted)). And because Whitefield's statements alone supported the pattern-of-activity enhancement, we agree with the district court that even if it were debatable that Mullins' counsel performed deficiently by not

6

interviewing the other family members, the district court's conclusion that any such omission was not prejudicial is not debatable.[2]

## 2.     Failure to Challenge the Pattern-of-Activity Enhancement

Mullins' request for a COA on this ground appears to raise the district court's denial of his twelfth ground for § 2255 relief.  Specifically, in the district court, Mullins argued that defense counsel "provided ineffective assistance of counsel by failing to obtain available evidence to present on appeal regarding the pattern of activity enhancement."  R., Vol. V at 74.[3]  Mullins elaborated that, had his counsel "conducted the required investigation[,] he would have discovered that Matthew Whitefield's testimony was used improperly and was actually withdrawn" and that "Julie Mullins was a liar."  *Id.* at 75.  According to Mullins, these discoveries would have prompted this court on direct appeal to invalidate the pattern-of-activity enhancement.

The district court denied relief, referring to its determinations that (1) counsel's failure to interview Whitefield was not deficient performance, given counsel's perspective at the time of sentencing; and (2) counsel's failure to interview/investigate the other family members was not prejudicial, given that Whitefield's statements were alone sufficient to support the enhancement.  We conclude that the district court's denial

---

[2] To the extent Mullins complains that counsel's investigation of Julie's allegations was deficient, the district court correctly determined that such performance would not have been prejudicial, given the sufficiency of Whitefield's sentencing statements in supporting the enhancement.

[3] Mullins concedes in his request for a COA that his counsel in fact challenged the pattern-of-activity enhancement at sentencing:  "The Appellant objected to this enhancement when the PSR was written."  COA Request at 11.

of relief on this ground is not debatable. As we stressed above, counsel's performance must be evaluated without "the distorting effects of hindsight." *Edens*, 87 F.3d at 1114 (internal quotation marks omitted). Specifically, Whitefield did not retract his statements until a year after this court decided Mullins' direct appeal. It hardly bears pointing out that Mullins' counsel could not have acted on Whitefield's retraction of his statements until Whitefield actually did so.[4]

### D. Guideline Amendment 801

When Mullins was sentenced in September 2014, the law in this circuit did not impose a mens rea requirement for a § 2G2.2(b)(3)(F) distribution enhancement. *See United States v. Ray*, 704 F.3d 1307, 1311-12 (10th Cir. 2013) ("hold[ing] that § 2G2.2(b)(3)(F) does not require that a defendant know about the distribution capability of the program he is using to view child pornography"). In November 2016, the Sentencing Commission rejected *Ray* by issuing Amendment 801, which added language to the enhancement requiring that "the defendant knowingly engaged in distribution." *See* USSG app. C, amend. 801, at 140 (Supp. Nov. 1, 2016). The Commission noted that the circuits were split on the mens rea issue and it decided to "adopt[ ] the approach" of the circuits requiring "that the defendant knew of the file-sharing properties of the program." *Id.* at 145. In doing so, the Commission stated that the knowledge

---

[4] To the extent Mullins argues that Whitefield's affidavit "calls into question this court's previous ruling" on direct appeal, COA Request at 11, we point out that § 2255 is not a vehicle to relitigate issues already decided, *see United States v. Rodriguez*, 768 F.3d 1270, 1272 (10th Cir. 2014).

8

requirement was "[b]ased on testimony, public comment, and data analysis," *id.* at 145, and was necessary to "clarify[ ] the mental state required for distribution," *id.* at 146.

Citing Amendment 801, Mullins contends not only that his two-level distribution enhancement should be removed, but also that he should receive a further two-level reduction in his offense level under USSG § 2G2.2(b)(1), which generally applies if "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and there was no intent "to traffic in, or distribute, such material." The district court determined that Amendment 801 does not retroactively apply because the amendment effected a substantive change in the legal landscape, rather than a mere clarification. *See United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009) (observing that "a subsequent amendment to the Guidelines can sometimes be given retroactive effect if the changes are clarifying rather than substantive" (internal quotation marks omitted)). We conclude that the district court's determination is not debatable.[5]

Generally, an amendment is clarifying if "it does not overrule existing precedent, it revises a commentary note rather than a guideline, and the authors characterized it as clarifying." *United States v. Gigley*, 213 F.3d 503, 506 n.3 (10th Cir. 2000). Only the

---

[5] We note that Amendment 801 is not listed in U.S.S.G. § 1B1.10(d) as having retroactive effect for purposes of 18 U.S.C. § 3582(c)(2). For that reason, Mullins properly seeks relief under 28 U.S.C. § 2255, instead of 18 U.S.C. § 3582, by arguing that the amendment is clarifying, rather than substantive. *See United States v. Ramirez*, 698 F. App'x 943, 946 (10th Cir. 2017) (observing that a retroactive sentencing clarification bears on "'whether a defendant was correctly sentenced under the guidelines in the first place,'" which implicates § 2255, rather than § 3582(c)(2) (quoting *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003)).

third factor appears to weigh in favor of Amendment 801 being a clarifying amendment. In particular, the Commission explained that the amendment was necessary to "clarify[ ]" the requisite mental state for distribution. But the Commission also indicated it was "adopt[ing]" an approach not previously specified in the enhancement. In any event, the other two factors reveal that the amendment is substantive, as it overruled our existing precedent and revised the enhancement's language, not just the language of the commentary. *See United States v. Groves*, 369 F.3d 1178, 1183 (10th Cir. 2004) ("If a guideline amendment contradicts either the plain meaning of the preexisting guideline or controlling case law, that amendment is necessarily substantive.").

### III. CONCLUSION[6]

We deny Mullins' application for a COA and we dismiss this appeal.

Entered for the Court


Joel M. Carson
Circuit Judge

---

[6] Insofar as Mullins challenges the district court's decision to resolve his § 2255 motion without an evidentiary hearing, an evidentiary hearing on a § 2255 motion is unnecessary if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (internal quotation marks omitted). For the reasons discussed throughout this order, we conclude that reasonable jurists could not debate whether the district court's decision to forgo an evidentiary hearing was an abuse of discretion. *See United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (denying request for COA on failure to conduct evidentiary hearing because "there were no relevant, disputed issues of fact that needed to be resolved"); *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005) (recognizing that an evidentiary hearing is not necessary when "[t]he record refutes the claim of ineffective assistance").