**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HUGO PENUELAS-GUTIERREZ,

    Defendant - Appellant.

No. 18-2150
(D.C. No. 2:18-CR-00818-LRR-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.
_____

Hugo Penuelas-Gutierrez challenges his 37-month sentence for illegal reentry

and appeals the district court's denial of his requests for a downward departure and

for a continuation of his sentencing hearing. We lack jurisdiction to review the

district court's denial of a downward departure. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm his sentence and the denial of his motion to continue.

**I**

Penuelas-Gutierrez pled guilty to illegal reentry after deportation in violation

of 8 U.S.C. § 1326(a) and (b) in March 2018. His Presentence Investigation Report

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("PSR") listed a total offense level of 19 and a criminal history category of III, resulting in an advisory Guidelines range of 37 to 46 months. Penuelas-Gutierrez requested a sentence of twelve months and one day. His downward departure request was based on alleged over-representation of his criminal history under U.S.S.G. § 4A1.3(b)(1) and rejection of the ten-level § 2L1.2(b)(2) enhancement as unfair. In the alternative, he requested a variance under the 18 U.S.C. § 3553(a) factors.

Penuelas-Gutierrez's sentencing hearing was set for September 24, 2018. On September 20, he filed an unopposed motion to continue the hearing so his wife and parents could "attend." His father was likely to undergo hip surgery and could not travel from California to New Mexico at the time. At the hearing, counsel told the court that Penuelas-Gutierrez's parents and wife wished to "address the court."[1] The district court verbally denied the motion.

At sentencing, the government requested a sentence of 37 months. Penuelas-Gutierrez again requested a sentence of twelve months and one day. The district court denied Penuelas-Gutierrez's requests for a downward departure or variance and sentenced him to 37 months' imprisonment to be followed by three years of unsupervised release. Penuelas-Gutierrez timely appealed.

**II**

To the extent Penuelas-Gutierrez asks us to reverse the district court's denial of his request for a downward departure, we dismiss this claim for lack of

---

[1] On appeal, counsel asserted for the first time that the family wished to testify under oath.

jurisdiction.[2]  A defendant may appeal a sentence "imposed as a result of an incorrect application of the sentencing guidelines."  § 3742(a)(2), (e)(2).  But "the district court's refusal to exercise its discretion to depart downward from the guideline range is not appealable" as an incorrect application of the sentencing guidelines.  United States v. Davis, 900 F.2d 1524, 1530 (10th Cir. 1990).  "Congress did not grant appellate jurisdiction for refusals to depart downward.  Nor did Congress intend to grant jurisdiction over departure-related decisions that are characterized as an incorrect application of the sentencing guidelines."  United States v. Soto, 918 F.2d 882, 883 (10th Cir. 1990), abrogated on other grounds by Koon v. United States, 518 U.S. 81, 109 (1996).  We have also rejected attempts to characterize a discretionary denial of a downward departure as a sentence "imposed in violation of law" under § 3742(a)(1) and (e)(1).  See Soto, 918 F.2d at 884.[3]

Therefore, Penuelas-Gutierrez's claim that the district court erred in denying a downward departure is unreviewable unless the "denial is based on the sentencing court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure."  United States v. Fonseca, 473 F.3d 1109, 1112 (10th Cir. 2007).  The

---

[2] At oral argument, appellant conceded that we do not have jurisdiction to review the denial of the downward departure motion.

[3] Although United States v. Booker, 543 U.S. 220 (2005), changed the standard of appellate review of sentences, it did not make a district court's discretionary decision to deny a downward departure appealable.  United States v. Sierra-Castillo, 405 F.3d 932, 936 & n.3 (10th Cir. 2005).  Section 3742(a) confers "the same jurisdiction to review Guidelines sentences as it [did] before the Supreme Court's decision in Booker."  Id. at n.3.

district court clearly recognized it had the discretion to grant a downward departure, stating "I know that I could depart in these situations if I felt it was the appropriate thing to do . . . I find no basis to vary or depart."  Given that clear acknowledgment of the trial court's discretion, we lack jurisdiction to review the decision.

### III

### A

Penuelas-Gutierrez also argues the district court imposed an unreasonable sentence.  This Court reviews the reasonableness of a sentence for abuse of discretion.  United States v. Caiba-Antele, 705 F.3d 1162, 1165 (10th Cir. 2012).  A district court abuses its discretion if it relies on an incorrect conclusion of law or a clearly erroneous finding of fact.  United States v. Piper, 839 F.3d 1261, 1265 (10th Cir. 2016).  The district court must have "render[ed] a judgment that [wa]s arbitrary, capricious, whimsical, or manifestly unreasonable" for the sentence to be unreasonable.  United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008).

"Our review includes both procedural reasonableness, which encompasses the manner in which a sentence was calculated, and substantive reasonableness, which concerns the length of the sentence."  Caiba-Antele, 705 F.3d at 1165.  "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence."  Id.  Penuelas-Gutierrez has not established that his

4

Guidelines range was incorrectly calculated or otherwise was procedurally unreasonable.

In assessing the substantive reasonableness of a sentence, this court asks whether the sentence "is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chavez, 723 F.3d 1226, 1233 (10th Cir. 2013). A sentence may be substantively unreasonable if the district court places undue weight on certain § 3553(a) factors, United States v. Lente, 759 F.3d 1149, 1156 (10th Cir. 2014), or fails to adequately justify its sentence in light of the § 3553(a) factors, id. at 1158. And although we lack jurisdiction to reverse the district court's downward departure decision, we may take into account appellant's "departure arguments in considering the overall reasonableness of h[is] sentence." United States v. Bergman, 599 F.3d 1142, 1150 (10th Cir. 2010).

Review of the substantive reasonableness of the sentence "focuses on the length of the sentence and requires that sentences be neither too long nor too short." United States v. Walker, 844 F.3d 1253, 1255 (10th Cir. 2017). A sentence is substantively unreasonable if "the balance struck by the district court among the factors set out in § 3553(a) is . . . arbitrary, capricious, or manifestly unreasonable." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008). And if, as in this case, the sentence is within the correctly-calculated Guidelines range, "the sentence is entitled to a rebuttable presumption of reasonableness on appeal." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).

5

Penuelas-Gutierrez has not rebutted the presumption that his sentence is substantively reasonable. Regarding his request for a variance, Penuelas-Gutierrez's violent criminal history supported the within-Guidelines sentence under both the history and characteristics of the defendant factor, § 3553(a)(1), and the need to protect the public factor, § 3553(a)(2)(C). Further, the district court adequately considered the other § 3553(a) factors. It noted that appellant had previously been removed from the country twice, and that despite his prior prison term (of twelve months and one day) for his first § 1326 conviction he returned to the United States, demonstrating that "he lacks respect for the immigration laws of this country." It also specifically acknowledged his family circumstances, concluding that "[b]ased on his prior history and the fact that his family resides in the United States, I think he's at high risk to recidivate and re-enter again." And it rejected his claim that he was forced to come to the United States due to violence in Mexico. The district court's weighing of the § 3553(a) factors was not "arbitrary, capricious, whimsical, or manifestly unreasonable." Haley, 529 F.3d at 1311.

Nor do Penuelas-Gutierrez's arguments regarding a potential downward departure from the Guidelines range overcome the presumption of reasonableness. Under § 4A1.3(b)(1), "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." The district court considered and reasonably rejected appellant's argument that the criminal history category III over-

6

represented the seriousness of his prior felony convictions.  Appellant pled guilty to two serious felonies, and the district court was not required to accept the appellant's version of the crimes presented at his sentencing hearing.[4]

As to his argument under § 2L1.2's Application Note 5, the ten-level enhancement did not "substantially . . . overstate[] the seriousness of the conduct underlying the prior offense."  Penuelas-Gutierrez's arguments that the district court should have disregarded the enhancement are policy disagreements with that Guideline provision.  This district court was not required to disregard the ten-level enhancement even if it had disagreed with the Guideline's policy.  See United States v. Lewis, 625 F.3d 1224, 1232 (10th Cir. 2010).

The district court also considered and rejected—or gave little weight to— appellant's other arguments for a reduced sentence.  It determined his arguments regarding his difficult childhood were unpersuasive, stated the unfortunate negative impact of convictions on families "arises in the vast majority of criminal cases," and noted that although it accepted the favorable light in which the letters submitted on Penuelas-Gutierrez's behalf painted him, being a good worker and family man "does not establish in the Court's mind that a variance is appropriate."

---

[4] Further, this Court has held that enhancements based on prior convictions that also affect a defendant's criminal history category do not constitute impermissible double counting.  United States v. Ruiz-Terrazas, 477 F.3d 1196, 1204 (10th Cir. 2007).  That appellant's prior felony conviction affected both his criminal history category and his total offense level does not mean his sentence is unreasonably long.

The district court thoroughly considered the § 3553(a) factors and Penuelas-Gutierrez's arguments in favor of a downward departure in determining that a within-Guidelines sentence was appropriate. He has not shown that determination was an abuse of discretion.

**B**

Penuelas-Gutierrez also contends the district court erred in denying his unopposed motion to continue his sentencing hearing and that the denial should be reviewed for abuse of discretion. United States v. Trestyn, 646 F.3d 732, 739 (10th Cir. 2011). The government asserts that because appellant "argued for a sentence below the Guidelines range at his sentencing hearing, [but] did not raise the procedural objection he now asserts," i.e., that he was deprived of an opportunity to present factual testimony in support of his sentencing argument, we should review for plain error. United States v. Romero, 491 F.3d 1173, 1176 (10th Cir. 2007).[5]

Assuming without deciding that Penuelas-Gutierrez adequately preserved this claim, we affirm. There was significant uncertainty surrounding the timing of his father's hip surgery, which had not been scheduled at the time of the hearing. Penuelas-Gutierrez had weeks to acquire factual support for his arguments, which could have included affidavits from family members. The district court accepted and

---

[5] As noted above, Penuelas-Gutierrez's motion to continue the sentencing hearing stated only that his "wife and parents wish[ed] to attend the sentencing." At the hearing itself, Penuelas-Gutierrez's counsel noted only that his family members wanted to "address the Court." Appellant did not indicate his parents or wife would testify under oath, nor did he make any offer of proof as to what his parents or wife might wish to say.

considered letters sent on his behalf, including from his mother and wife, and the factual assertions that were rejected by the district court surrounding childhood abuse and the circumstances of his prior convictions were not of such a nature that testimony from his family members would have altered the sentencing outcome. Given these circumstances, the district court's refusal to continue the sentencing hearing was not an abuse of discretion.

## IV

We lack jurisdiction to review the district court's denial of Penuelas-Gutierrez's motion for a downward departure. The district court's imposition of a 37-month sentence and its denial of his motion to continue his sentencing hearing are **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge