**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID EARL CARPENTER, JR.,

    Defendant - Appellant.

No. 21-6070
(D.C. No. 5:20-CR-00242-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

This appeal involves the length of Mr. David Earl Carpenter, Jr.'s sentence.

He argues the sentence was substantively unreasonable because it was too long. We

disagree and affirm the sentence.

**1.  The court sentenced Mr. Carpenter to ten years in prison.**

Mr. Carpenter pled guilty to being a felon in possession of a firearm. _See_

18 U.S.C. § 922(g)(1).  The district court sentenced him to ten years' incarceration,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which was the statutory maximum term of imprisonment for his offense.

At sentencing the district court calculated Mr. Carpenter's advisory guideline in accordance with the presentence report (PSR). The PSR had calculated his base offense level under U.S.S.G. § 2K2.1(a)(2) to be 24. It then subtracted three levels for acceptance of responsibility, resulting in a total offense level of 21. Mr. Carpenter's lengthy and extensive criminal history resulted in a total criminal history score of 20, which placed him in criminal history category VI. The resulting advisory guideline imprisonment range was 77 to 96 months. Neither party objected to the calculated guideline range. Neither party moved for a departure from that range.

Mr. Carpenter's attorney argued at sentencing for a sentence at or near the bottom of the guideline range. She acknowledged his substantial criminal history but attributed it to his mental health struggles and the traumatic experiences of his childhood. She stated he was "in a stable place" on his medications and had "very positive, pro-social qualities about him." R., Vol. 3 at 10. She emphasized the non-violent nature of the § 922(g)(1) offense and claimed he had possessed the gun for his own protection. She also noted that this was his first federal prosecution and that he would receive treatment in prison that would give him "something to work for" and "something to look forward to . . . [e]ven at the bottom end of the guidelines." *Id.* at 12. Once Mr. Carpenter was released, she argued, his probation officer could help him reinforce the positive, pro-social behavior he could achieve through the treatment he would receive in prison.

2

For its part, the government emphasized the need to protect the public, arguing that given his extensive criminal record resulting in many state-court convictions, "every month that the Court incarcerates [Mr. Carpenter] will be a month when he would otherwise be committing new crimes." *Id.* at 14. In particular, the government noted his violent conduct when he had domestically abused his girlfriend.

The district court found that Mr. Carpenter's case was "primarily about incapacitation and protecting the public," because he had "an unbroken line of criminal conduct beginning from . . . the age of 13," including "assaults and batteries and breaking and entering and acquiring deadly weapons," along with "domestic abuse" where he "strangled [his] pregnant girlfriend until she passed out," resulting in "probably the worst [criminal] record I've ever seen." *Id.* at 16-17. Given this history, the district court stated it was "impossible to think about the possession of the gun in this charge as benign." *Id.* at 17. Because his previous "short terms of [state] incarceration ha[d] done nothing [to improve his behavior] . . . a lengthy term of incarceration [was] necessary." *Id.* The district court varied upwardly 24 months from the top of the guideline range and sentenced him to 120 months' incarceration, to be followed by a three-year term of supervised release.

**2. The sentence is substantively reasonable.**

Mr. Carpenter argues that despite his extensive criminal history, his ten-year sentence is substantively unreasonable. We review a challenge to the substantive reasonableness of a sentence for an abuse of discretion. *See Gall v. United States*,

3

552 U.S. 38, 51 (2007).  In conducting this review, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

To determine if the length of a sentence is unreasonable, we examine the totality of the circumstances "in light of the 18 U.S.C. § 3553(a) factors." *United States v. Caiba-Antele*, 705 F.3d 1162, 1165 (10th Cir. 2012) (internal quotation marks omitted).  Those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public, and provide rehabilitation, (3) the legally available sentences, (4) the U.S. Sentencing Guidelines, (5) the Sentencing Commission's policy statements, (6) the need to avoid unwarranted disparities among sentences, and (7) the need for restitution.  *See* 18 U.S.C. § 3553(a).  We reverse only if the resulting sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Garcia*, 946 F.3d 1191, 1211 (10th Cir. 2020) (internal quotation marks omitted).

In our view, Mr. Carpenter's ten-year sentence fell within the district court's discretion.  The district court relied heavily on his extensive and violent criminal history and the need for a substantial federal sentence both to deter his future criminal conduct and to protect the public.  *See United States v. Mateo*, 471 F.3d 1162, 1164-66, 1170 (10th Cir. 2006) (affirming substantial reasonableness of district court's upward variance from guideline range of 15 to 21 months to the statutory maximum of 120 months, noting defendant's "frequent brushes with the law [that] indicate[d] a commitment to a criminal lifestyle," the defendant's "sentences for prior

4

convictions [that] ha[d] not been effective at deterring him from engaging in criminal behavior[,] and [the fact that] the public require[d] protection from [his] demonstrated penchant for criminality" (internal quotation marks omitted)).

Mr. Carpenter argues the guideline range already accounted for his criminal history because the guidelines assigned him a criminal history score of VI.  But the district court could reasonably have considered his unusually extensive criminal history in reaching its sentencing decision.  *See United States v. Barnes*, 890 F.3d 910, 921 (10th Cir. 2018) (concluding that a district court can justify a variance by relying on facts that the guidelines had already accounted for).

He also argues the district court failed to explain why a lower sentence, such as a within-guideline sentence, would not have achieved the purposes of sentencing. *See United States v. Henson*, 9 F.4th 1258, 1285 (10th Cir. 2021) (noting "the court's chosen sentence must be sufficient, but not greater than necessary, to comply with the purposes of criminal punishment, as expressed in § 3553(a)(2)" (internal quotation marks omitted)), *petition for cert. filed* (U.S. Dec. 28, 2021) (No. 21-6736). After describing the § 3553(a) factors and noting its review of the sentencing memorandum and other materials Mr. Carpenter submitted, *see* R., Vol. 3 at 8-9, the district court specifically found that a lengthy term of incarceration was necessary, given his prior, shorter state incarcerations that had failed to improve his behavior or lead to his rehabilitation.  Mr. Carpenter's prior, adult state-court sentences were for terms of between one and ten years.  *See* R., Vol. 2 at 11-17.  The district court's

5

stated reasons are sufficient for our meaningful appellate review and adequately support the extent of the variance.

Finally, counsel argues that "Mr. Carpenter is a unique individual impacted by adverse childhood experiences with an extensive criminal past including domestic abuse who struggles with methamphetamine addiction." Aplt. Opening Br. at 19. But in reaching its sentencing decision the district court considered both Mr. Carpenter's "tough upbringing" and his "drug problem," and still found that "a lengthy term of incarceration [was] necessary," given his failure to improve his criminal behavior. R., Vol. 3 at 17. *See United States v. Lente*, 759 F.3d 1149, 1173 (10th Cir. 2014) ("Evidence of childhood trauma, psychological issues, or youthful indiscretion is most powerful when accompanied by signs of recovery.").

Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall*, 552 U.S. at 51, we discern no abuse of discretion here. The ten-year sentence was substantively reasonable. We therefore affirm the district court's judgment.

Entered for the Court

Per Curiam